**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

Case No._____

PAULA DAMASO, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Costco Wholesale Corporation ("Costco") hereby files this Notice of Removal and removes this action from the Circuit Court for the 20th Judicial Circuit in and for Collier County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this matter was brought as a putative class action; diversity of citizenship exists between one or more members of the putative class and Costco; the number of proposed class members exceeds 100 individuals; and the amount in controversy exceeds $5 million in the aggregate. In addition, this Notice of Removal is filed timely and no CAFA exceptions exist.

In support of this Notice of Removal, Costco avers as follows:

## I. THE STATE COURT ACTION.

1. On January 20, 2020, Plaintiff commenced this action against Costco by filing a Complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, captioned *Paula Damaso v. Costco Wholesale Corporation,* Case No. 11-2020-CV-000347-0001.

2. Plaintiff served the Complaint on Costco on February 21, 2020. A true and correct copy of the Complaint together with all process and documents filed in the state court action is attached hereto as **Exhibit B**. The Complaint alleged a single cause of action under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), based upon the labeling of Costco's "Kirkland Signature brand Comfort Fit Boxer Briefs" (referred to as the "Product" in the Complaint and herein). The Complaint's class definition was initially limited to persons in Florida who purchased the Product in the last four years "with a credit or debit account." Ex B, Compl. ¶ 59. Because the class definition was limited by the manner of payment, the case did not meet the amount-in-controversy threshold and was not removable under CAFA.

3. Plaintiff filed an Amended Complaint on March 24, 2020. The Amended Complaint has not yet been served formally on Costco. A true and correct copy of the Amended Complaint is attached as **Exhibit A**.

4. Plaintiff's Amended Complaint again alleges a single cause of action under FDUTPA. Plaintiff contends that Costco violated FDUTPA by labeling the Product as "96% PIMA Cotton" when it allegedly contained "less than 80% of the cotton fiber." Ex. A, Am. Compl. ¶¶ 1, 8.

5. Plaintiff alleges in conclusory fashion that she bought two packages of the Product based on the "96% PIMA Cotton" label claim and alleges the Product is "valueless since it did not contain 96% PIMA COTTON." *Id.* ¶ 13. Plaintiff claims she "sustained actual damages in the amount of the full purchase price of the Product." *Id.* Alternatively, Plaintiff asserts that she paid more than what the product is worth "in the amount of the difference between the Product and similar products not containing 96% PIMA COTTON." *Id.* at ¶ 12.

6. The Amended Complaint expands the original class definition to cover all purchases of the Product by Costco members in Florida, regardless of the manner of payment. Plaintiff now seeks to bring the lawsuit individually and on behalf of a putative class of "[a]ll Costco Members throughout Florida, who, within the four years preceding the filing of the original Complaint ('Class Period'), purchased one or more of the Product at issue . . ." *Id.* ¶ 59. In light of this expanded putative class definition, the lawsuit is now removable under CAFA.

## II. VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b), 1441(a), & 1446(a), because the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida, where this action was filed and has been pending prior to removal, is a state court within this federal district and division.

## III. SUBJECT MATTER JURISDICTION

8. The Supreme Court has clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class

actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 133 S. Ct. 547, 554 (2014).

9. CAFA confers upon the federal courts subject matter jurisdiction over, and thus makes removable, any class action in which: (i) there is minimal diversity (*i.e.*, any member of the proposed plaintiff class is a citizen of a different state than any defendant); (ii) the aggregate number of putative class members in the proposed class is at least 100; and (iii) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B).[1]

### A. This Court Has Subject Matter Jurisdiction Under CAFA

10. This Court has original jurisdiction based on CAFA. 28 U.S.C. § 1332(d). CAFA jurisdiction exists because: (i) this matter was brought as a putative class action, (ii) diversity of citizenship exists between one or more members of the putative class and Costco, (iii) the number of proposed class members exceeds 100 individuals, and (iv) the amount in controversy exceeds $5 million in the aggregate. Additionally, this notice of removal is filed timely and no CAFA exceptions exist. All of CAFA's jurisdictional prerequisites are clearly satisfied here.

#### 1. This Case Is A Purported Class Action.

11. Plaintiff seeks to certify a putative class of "[a]ll Costco Members throughout Florida, who, within the four years preceding the filing of the original Complaint ('Class Period'), purchased one or more of the Product at issue . . ." Ex A.,

---

[1] Costco disputes and reserves all rights to contest Plaintiff's allegations that this case can properly be certified and proceed as a class action and that Plaintiff is entitled to any damages or attorneys' fees.

Am. Compl. ¶ 59.  Because the case was filed in state court, the Amended Complaint cites Florida Rule of Civil Procedure 1.220, which is based on Rule 23 of the Federal Rules of Civil Procedure.  Thus, the first CAFA requirement is satisfied.  *See Lance v. Wade*, 457 So. 2d 1008, 1011, n.2 (Fla. 1984) ("The current [Florida] class action rule is based on the federal class action rule . . ."); *Andrews v. Ocean Reef Club, Inc.*, No. 91-20-575CA18, 1992 WL 205805, at n.1 (Fla. Cir. Ct. 1992) (Fed. R. Civ. P. 23 "is substantially similar to Fla. R. Civ. P. 1.220-its Florida counterpart") (citing *Powell v. River Ranch Property Owners Ass'n, Inc.*, 522 So. 2d 69 (Fla. 2d DCA 1988)).

### 2. **Minimal Diversity of Citizenship Exists.**

12. CAFA does not require complete diversity, but rather minimal diversity, which may be established when "[a]ny member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Here, this requirement is met because Plaintiff is a citizen of Florida and Costco is a citizen of Washington.

13. Plaintiff alleges that she is a citizen and resident of Florida.  Ex. A, Am. Compl. ¶ 25.

14. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. 1332(c)(1).  Plaintiff correctly acknowledges that Costco is a "Washington Company."  Ex. A, Am. Compl. ¶¶ 22, 26.  Costco is a publicly-held company incorporated in Washington with its principal place of business in Issaquah, Washington. Therefore, Costco is a citizen of Washington.  *See Yvonne Holliday v. Costco Wholesale Corp., et al.,* No. 220CV01106SVWRAO, 2020 WL 1638607, at *1 (C.D. Cal.

Apr. 2, 2020) ("Costco clearly demonstrates that it is a Washington citizen with its place of incorporation and principal place of business in Washington.").

15. Therefore, at least one member of the putative class is a citizen of a state different from Costco because Plaintiff is a citizen of Florida while Costco is a citizen of Washington—not Florida.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which any member of a putative class is a citizen of a state different from any defendant).

### 3. The Putative Class Includes At Least 100 Members.

16. CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here, too.

17. While Plaintiff does not identify the number of putative class members in her Amended Complaint, Plaintiff seeks to certify a state-wide class of all "Costco members" who "purchased one or more of the Product at issue" from January 30, 2016 to January 30, 2020. Ex A, Am. Compl. ¶ 59.

18. A preliminary review of Costco's records indicates that for the putative class period covering January 30, 2016 to January 30, 2020, well in excess of 100 Costco members in Florida purchased the Product. Accordingly, there are more than 100 putative class members based on Plaintiff's proposed class definition in the Amended Complaint.

### 4. The Amount-In-Controversy Plausibly Meets or Exceeds $5 Million.

19. Under CAFA, the putative class action sought to be removed must place in controversy at least $5 million. 28 U.S.C. § 1332(d). Importantly, CAFA requires claim

aggregation when determining the amount put at issue by a complaint. 28 U.S.C. § 1332(d)(6).

20. As the United States Supreme Court has held, Defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 135 S.Ct. at 554. The Supreme Court has made it clear that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553.

21. Based upon Plaintiff's allegations, theories, and class definition (which Costco disputes), Costco plausibly alleges that the $5 million amount-in-controversy requirement for CAFA is satisfied.

22. It is well settled that damages and attorneys' fees (when authorized by statute or contract) must be considered when calculating the amount-in-controversy under 28 U.S.C. § 1332. *See, e.g., Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Awad v. Cici Enters.*, No. 8:06-cv-1278-T-24TBM, 2006 WL 2850108, at *1 (M.D. Fla. Oct. 3, 2006) (in determining the amount-in-controversy, compensatory damages and reasonable attorneys' fees authorized by statute must be included).

23. Here, FDUTPA permits the award of actual damages and attorneys' fees and costs. Fla. Stat. §§ 501.2105, 501.211.

24. The Eleventh Circuit Court of Appeals has recognized that the amount-in-

controversy for CAFA jurisdiction can be satisfied through "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

25. Further, it is axiomatic that "[a] removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (citations omitted); *see also Pretka*, 608 F.3d at 751. The amount in controversy "concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Id.*

26. Finally, a plaintiff's conclusory allegation and/or stipulation that the amount in controversy does not exceed $5 million does not prevent removal under CAFA. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013). This rule has particular force here because the Amended Complaint includes a conclusory allegation that the amount-in-controversy does not exceed $5 million. Ex A., Am. Compl. ¶ 24.

27. Here, consistent with these principles, the amount in controversy exceeds $5 million for all putative class members and CAFA removal is proper. Although Costco denies that it is liable to Plaintiff at all for any relief, given the Amended Complaint's request for damages and attorneys' fees under FDUTPA, the amount in controversy is more than $5 million.

28. ***Actual Damages Under FDUTPA***. Plaintiff seeks to certify a class consisting of "[a]ll Costco Members throughout Florida, who, within the four years preceding the filing of the original Complaint ('Class Period'), purchased one or more of

the Product at issue . . . ." Ex A., Am. Compl. ¶ 59. Plaintiff seeks "actual damages" under FDUTPA on behalf of the entire class and alleges that those "actual damages [are] in the amount of the ***full purchase price*** of the Product." *Id*. at ¶ 41 (emphasis added). The purchase price paid by Plaintiff for each Product was $12.99. *See* Ex. B attached to Am. Compl. at 26.

29.     A preliminary review of Costco's records indicates that for the period covering the putative class period (January 30, 2016 through January 30, 2020), Costco's sales of the Product as a result of purchases by Costco members in Florida was approximately $3.8 million ($3,832,326).  As a result, Plaintiff has put at issue approximately $3,832,326 in "actual damages" under FDUTPA.

30.     ***Attorney's Fees***. Plaintiff also seeks attorneys' fees under FDUTPA, which authorizes such fees to the "prevailing party." Fla. Stat. § 501.2105(1). When added to the "actual damages" sought under FDUTPA, Plaintiff's demand for attorneys' fees on behalf of the putative class satisfies the $5 million amount-in-controversy requirement.

31.     When authorized by statute—as here—reasonable attorneys' fees must be considered when calculating the amount in controversy. *Morrison*, 228 F.3d at 1265 ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) ("Cohen contends that when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees. She is correct."); *Awad,* 2006 WL 2850108 at

\*1 (emphasizing that "[i]n determining the amount in controversy, reasonable attorney's fees may be included so long as a statute authorizes the recovery of the fees").

32. In determining the amount of attorneys' fees in controversy, federal courts often use a 33% benchmark of total potential damages, including in cases removed under CAFA. *See e.g.*, *Traturyk v. W.-S. Life Assurance Co.*, No. 615CV1347ORL40TBS, 2016 WL 727546, at \*2 (M.D. Fla. Feb. 24, 2016) (noting that "it would be customary for counsel to seek an award of at least 33% of the amount Plaintiff recovers" and holding that "[s]ince Plaintiff demands $60,000 under the Policy, her counsel would be entitled to $19,800 in fees in this scenario, making the amount in controversy at least $79,800"); *Knowles v. Standard Fire Ins. Co.*, No. 4:11–cv–04044, 2013 WL 3968490, at \*6 (W.D. Ark. Aug. 2, 2013) ("The Court finds that it is reasonable to use a 40% multiplier to estimate attorney's fees for the amount in controversy in this case [under CAFA]."); *Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d 293, 301 (D.D.C. 2013) (emphasizing that the "preferable approach is to consider the attorney fees that Zuckman's individual claims support by calculating a reasonable contingency fee—say, 33%, *see City of Riverside v. Rivera,* 477 U.S. 561, 573, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)—that would accompany a full judgment in his favor"); *DiPonzio v. Bank of Am. Corp.*, No. 11–CV–06192, 2011 WL 2693912, at \*3 (W.D.N.Y. July 11, 2011) (using "benchmark rate of 33% of potential damages to calculate potential attorneys' fees" under CAFA and noting that "fees of 33% of damages are 'consistent with the norms of class litigation' in the Second Circuit").

33. This 33% benchmark principle applies to class actions in the Eleventh Circuit. Indeed, the Eleventh Circuit and courts within this Circuit often approve attorneys' fees of approximately 33% of total damages for class action cases. *See e.g.*, *Waters v. Int'l Precious Metals Corp.,* 190 F.3d 1291 (11th Cir. 1999) (affirming fee award of 33.3 percent of settlement); *Fernandez v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2017 WL 7798110, at *4 (S.D. Fla. Dec. 18, 2017) ("courts within this Circuit have routinely awarded attorneys' fees of 33 percent or more of the gross settlement fund."); *Reyes v. AT&T Mobility Servs., LLC*, 2013 WL 12219252, at *3 (S.D. Fla. June 21, 2013) ("Class Counsel's request for one-third of the settlement fund is consistent with the trend in this Circuit."); *see also In re Arby's Rest. Grp., Inc. Data Sec. Litig.*, No. 1:17-cv-1035-WMR, 2019 WL 2720818, at *4 (N.D. Ga. June 6, 2019) ("Awards of up to 33% of the common fund are not uncommon in the Eleventh Circuit, and especially in cases where Class Counsel assumed substantial risk by taking complex cases on a contingency basis.").

34. Here, CAFA's amount-in-controversy threshold is exceeded when including attorneys' fees. Applying the 33% benchmark to the approximately $3.8 million in sales increases the amount-in-controversy by $1,254,000 to a total of $5,054,000, thereby satisfying the CAFA jurisdictional threshold.

35. In addition, even if a lodestar method is used to calculate attorneys' fees, it is reasonable to assume that Plaintiff's counsel will incur more than $1,200,000 in attorneys' fees if he were to prosecute this action to judgment. Costco intends to vigorously defend against this putative class action, and Plaintiff will incur attorneys' fees in connection with each stage of this litigation, including, but not limited to, responding to

Costco's forthcoming motion to dismiss; pursuing and responding to factual discovery; serving expert reports and seeking expert discovery; moving for class certification and participating in any class certification hearing; responding to and filing for summary judgment; filing and answering pre-trial motions (including motions to exclude witnesses); preparing for trial; and conducting a class action trial. This estimate is particularly reasonable given the class allegations, the need for considerable time and effort to prosecute the action, and the seniority of Plaintiff's counsel. *See Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1267 (S.D. Fla. 2016) (awarding attorneys' fees of $1,650,000 in FDUTPA class action where "Class Counsel expended considerable time and effort" in the case by "prevent[ing] dismissal, obtain[ing] class certification, surviv[ing] summary judgment (at least on the FDUTPA claim), exclud[ing] several of Public Storage's witnesses, and prepar[ing] thoroughly for an imminent trial.").

36. The Eighth Circuit recently applied this logic to affirm the denial of a motion to remand a case removed under CAFA. In *Faltermeier v. FCA US LLC*, 899 F.3d 617 (8th Cir. 2018), defendant removed to federal court under CAFA a putative class action brought under the Missouri Merchandising Practices Act, based upon the alleged false marketing of jeep vehicles; the complaint sought to certify a class of Missouri purchasers of those vehicles. *Id.* at 619. The district court denied remand, and the Eight Circuit ultimately affirmed. Although the maximum amount of "actual damages" under the statute was only $3,605,010, *id.* at 622, the Eighth Circuit held that the calculation of potential attorneys' fees pushed the amount in controversy over the $5 million CAFA threshold. *Id.* The Eighth Circuit endorsed the district court's reasoning "that the $5,000,000

jurisdictional limit was satisfied after taking into consideration the amount of potential attorneys' fees, which it found could well exceed $1,400,000," particularly given the "risk and complexity involved in prosecuting class actions." *Id*. at 620, 622.  Notably, the Eighth Circuit expressly rejected a stipulation made by plaintiff's counsel to reduce attorneys' fees to avoid CAFA removal as ineffective under controlling Supreme Court law; the Eighth Circuit held that, despite this stipulation, the "district court properly included in the jurisdictional amount the attorneys' fees that may be awarded . . . ." *Id*. at 621.

37. In short, Costco disputes that Plaintiff is entitled to any form of relief (including attorneys' fees) on her FDUTPA claim, much less on a class basis.  Nonetheless, the aggregate amount in controversy that Plaintiff has placed at issue in this putative class action exceeds the $5 million jurisdictional requirement for removal under CAFA.

### 5. This Notice Of Removal Is Timely Filed.

38. Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

39. Here, the Notice of Removal is timely filed.  Plaintiff served Costco with the Complaint on February 21, 2020.  Removal was not available at that time, because the Plaintiffs' class definition was limited only to those individuals in Florida who purchased the Product with a debit or credit card (Ex. B, Compl. ¶ 59), and, thus, the $5 million

threshold for CAFA jurisdiction was not met.[2]  The Amended Complaint was filed on March 24, 2020.  As described above, Plaintiff's enlargement of the putative class definition at issue in the Amended Complaint has increased the amount in controversy (above the $5 million threshold) and rendered this case removable.

40.     Because this Notice of Removal is filed within thirty (30) days of the filing of the Amended Complaint on March 24, 2020, it is timely under 28 U.S.C. §§ 1446(b)(3) and 1453.  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

### 6. No CAFA Exception Applies.

41.     The "local controversy" exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(4)(A) is inapplicable because Costco—the only Defendant in this case—is not a citizen of Florida.  Costco is a citizen of Washington.

42.     Likewise, the "home state" exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(4)(B) is inapplicable because the "primary defendant"—Costco—is not a citizen of Florida.  Costco is a citizen of Washington.

### IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

43.     In compliance with 28 U.S.C. § 1446(a), copies of all process and documents filed or served in the state court action are attached as **Exhibits A-B**.  In addition, a copy of the state court docket is attached as **Exhibit C**.

---

[2] Prior to the filing of the Amended Complaint, which has not yet been formally served on Costco, Plaintiffs' counsel agreed to a 30-day extension for Costco to respond to the Complaint—that is, on April 13, 2020.

44. As Plaintiff originally filed this action in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, removal to the United States District Court for the Middle District of Florida is proper under 28 U.S.C. § 1441(a).

45. As required by 28 U.S.C. § 1446(d), Costco will provide notice of this removal to Plaintiff's counsel, and will file a copy of this Notice with the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

46. By filing this Notice of Removal, Costco does not waive any defenses that may be available to it and reserves all such defenses. Costco does not concede that Plaintiff is entitled to have a class certified or is entitled to any damages or attorneys' fees. If any question arises as to the propriety of the removal of this action, Costco requests the opportunity to present a brief and evidence in support of its position that this case is removable, as required under *Dart Cherokee* and other controlling law.

## IV.   **CONCLUSION**

WHEREFORE, pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453, Costco hereby removes this action from the Circuit Court for the 20th Judicial Circuit in and for Collier County, Florida to the United States District Court for the Middle District of Florida, Fort Myers Division.

Dated: April 13, 2020

Respectfully submitted,

*/s/ Brian M. Ercole*
Brian M. Ercole, FL Bar No. 102189
brian.ercole@morganlewis.com
Clay M. Carlton, FL Bar No. 85767
clay.carlton@morganlewis.com
Valerie M. Toth, FL Bar No. 123705
valerie.toth@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard, Ste. 5300
Miami, FL 33131-2339
Telephone: (305) 415-3000

*Attorneys for Defendant*
*Costco Wholesale Corporation*

## **CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing Notice of Removal was served via e-mail on April 13, 2020, to:

  Howard W. Rubinstein
  Law Office of Howard W. Rubinstein
  1281 N. Ocean Dr. Apt. 198
  Singer Island, FL 33404
  howardr@pdq.net

  *Counsel for Plaintiff*

              */s/ Brian M. Ercole*
              Brian M. Ercole